Robert VEGA, Sr. et al., Plaintiffs,

v.

**CTX MORTGAGE CO., LLC et al., Defendants.**

**No. 3:10–cv–00405–RCJ–VPC.**

United States District Court, D. Nevada.

Sept. 8, 2011.

Robert R. Hager, Treva J. Hearne, Hager and Hearne, Reno, NV, for Plaintiffs.

Colt B. Dodrill, Wolfe Wyman, LLC, Joseph T. Prete, Katie M. Weber, Smith Larsen & Wixom, Jay E. Smith, Zachary T. Ball, Fidelity National Law Group, Las Vegas, NV, Danielle J. Szukala, Leann Pedersen Pope, Shana A. Shifrin, Burke, Warren, MacKay & Serritella, P.C., Chicago, IL, for Defendants.

## ORDER

ROBERT C. JONES, District Judge.

This is a standard foreclosure case involving one property. The case is not part of MDL Case No. 2119. The Complaint is a class action complaint, but no motion to certify a class has been filed. In a published order, the Court granted two motions to dismiss in part, dismissing all claims except that for statutorily defective foreclosure, and requiring mediation and interim payments. *See Vega v. CTX Mortg. Co., LLC,* 761 F.Supp.2d 1095 (D.Nev.2011). Although the Court found the affirmative claims to be without merit, the Court temporarily enjoined foreclosure because it was not clear MERS' assignment of the deed of trust was effective to transfer the beneficial interest in the underlying debt from lender/assignor CTX Mortgage Co., LLC ("CTX") to assignee Chase Home Finance ("Chase") or that MERS had the ability to transfer the underlying debt directly. The Court noted, as it has noted in other cases, that "Chase could cure this defect via an affidavit from CTX indicating that CTX specifically commanded MERS to transfer CTX's interest in the note to Chase, or that MERS' agency for CTX extended this far as a general matter under the [first deed of trust]." *Id.* at 1096 n. 1.

Bartosh, Matthews, and CTX have now adduced such an affidavit and have moved to dismiss and for relief from the media-

tion requirement. Michael K. Sullivan attests that he is the Senior Vice President and General Counsel of CTX and that he has personal knowledge of the subject mortgage based upon an internal review of CTX's files. (*See* Sullivan Aff. ¶ 1, Apr. 1, 2011, ECF No. 41–1). He attests that CTX's internal files indicate that "CTX transferred the Note and Deed of Trust on the first lien to [Chase] on September 26, 2005, and transferred the Note and Deed of Trust on the second lien to Residential Funding Company, LLC on August 12, 2005." (*Id.* ¶ 3). This is not enough, however, and it is confusing, as well. First, the attestation does not answer the questions the Court asked: whether CTX commanded MERS' 2009 assignment of the mortgage from CTX to Chase, (*see* Assignment, Dec. 24, 2009, ECF No. 22–5, at 2), or whether MERS' agency under the first deed of trust extended this far as a general matter so as not to require a specific command. Second, the deeds of trust are dated July 15, 2005 and October 14, 2005, respectively, but Sullivan attests that CTX transferred them to third parties on September 26, 2005 and August 12, 2005, respectively. CTX cannot have transferred the second deed of trust two months before it came into existence. Not only has Sullivan failed to attach the records his affidavit relies on, this discrepancy indicates that the records are themselves unreliable, that he has looked at the wrong records, or some other error or misstatement.

Of course, it is the current alleged beneficiary and trustee, Chase and Cal–Western Reconveyance Corp. ("Cal–Western"), respectively, not the moving Defendants, who need produce such evidence to be entitled to dismissal or summary judgment. The moving Defendants did not foreclose, and in fact they disclaim any interest in the Property. (*See id.* ¶ 4). Likewise, Matthews and Bartosh were

only the original trustees, and it is Cal–Western, the trustee substituted in by Chase, who is alleged to have filed the defective notice of default. It is these facts that entitle the moving Defendants to dismissal and relief from the mediation requirement. Chase and Cal–Western have not joined the present motions and are not relieved from the order.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 41) and Motion for Relief from Order (ECF No. 42) are GRANTED.

IT IS SO ORDERED.